# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 13-851V

Filed: December 22, 2015

* * * * * * * * * * * * * * * * * * * * * * * *

SEECHEL PATEL,

                Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

                Respondent.

* * * * * * * * * * * * * * * * * * * * * * * *

**PUBLISHED**

Special Master Hamilton-Fieldman

Attorneys' Fees and Costs;
Contested; *McCulloch* Hourly
Rates; Hours Expended.

<u>Ronald Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.
<u>Ryan Pyles,</u> United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On October 29, 2013, Seechel Patel ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that, as a result of the administration of an influenza ("flu") vaccine on November 26, 2010, she suffered from "shoulder injury, including, but not limited to, bursitis, tendonitis, rotator cuff tear and frozen shoulder." Petition ("Pet") at 1. On July 8, 2015, the undersigned issued a decision awarding compensation to Petitioner. Judgment entered on the decision on July 13, 2015.

On November 9, 2015, Petitioner's counsel filed a motion seeking reimbursement for $32,887.10 in attorneys' fees[3] and $16,662.17 in attorneys' costs. Petitioner's counsel also

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 and note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner's counsel requested compensation at hourly rates that had recently been approved in

sought reimbursement for $552.15 in costs that had been personally incurred by Petitioner. *See* General Order #9 Statement, filed November 9, 2015. The total amount requested was $50,101.42.

On November 25, 2015, Respondent filed a response to Petitioner's Application for Attorneys' Fees and Costs. However, this Response did not contain any specific substantive objections; Respondent "defer[ed] to the Special Master's statutory discretion in determining a reasonable fee award for this case."

On December 3, 2015, the undersigned convened a status conference to discuss counsel's pending fees and costs application. During the status conference, the undersigned informed the parties that she intended to compensate Mr. Homer and his firm's staff at the rates that were awarded in *McCulloch*, but that she would reduce Mr. Homer's hourly rate for 8.5 hours of travel time[4]. *See* Order, filed December 3, 2015. The undersigned directed Petitioner's counsel to draft a decision that incorporated the *McCulloch* rates and the appropriate reductions in hours. Petitioner's counsel filed his draft on December 9, 2015. On December 17, 2015, Respondent's counsel indicated that he did not intend to file a response to Petitioner's draft. This matter is now ripe for ruling.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). The undersigned acknowledges Respondent's continued objections to the *McCulloch* rates but remains in agreement with *McCulloch*'s outcome. Based on the reasonableness of Petitioner's request, the undersigned GRANTS Petitioner's motion for payment of attorneys' fees and costs minus the reductions noted above.

In addition, the undersigned awards an additional 1.5 hours of attorney time, expended by Christina Ciampolillo at an hourly rate of $300.00, for counsel's preparation for the substantive status conference held on December 3, 2015, and for submission of a draft decision on attorneys' fees and costs. This amounts to an additional $450.00.

Accordingly, the undersigned awards:

1. **A lump sum of $48,299.27, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner, Seechel Patel, and Petitioner's counsel, Mr. Ronald Homer, of the law firm of Conway, Homer & Chin-Caplan, P.C.; and**

2. **A lump sum of $552.15, representing reimbursement for Petitioner's costs, in the form of a check payable solely to Petitioner, Seechel Patel.**

---

*McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for reconsid. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21 2015) (identifying compensable hourly rates for Homer firm attorneys and staff).

[4] A reduction of $200, for 8.5 hours of travel time, is a total reduction of $1,700.00

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).